# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JODY WILLIAMS, et al., | Case No. 2:18-cv-01737-GMN-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Presently before the court is plaintiffs Jody Williams and Trafficking and Prostitution Services' application for leave to proceed *in forma pauperis* (ECF No. 1), filed on September 7, 2018.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff Jody Williams has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Williams' request to proceed *in forma pauperis* will be granted.

## II. SCREENING COMPLAINT

### A. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, plaintiff Jody Williams brings a class action complaint on behalf of herself and the members of Sex Workers Anonymous, challenging the constitutionality of the Allow States and Victims to Fight Online Sex Trafficking Act of 2017.  (Compl. (ECF No. 1-3) at 9-10.)  Plaintiff names the United States of America, Facebook Inc., Googleplex, Amazon, Jesse Maley, and Sex Workers Outreach Project as defendants in the complaint and seeks declaratory and injunctive relief.  (*Id.* at 2-3, 10-13).  Plaintiff also alleges due process violations, deceptive trade practices, conspiracy to interfere with civil rights, and an assortment of state law claims.

Having reviewed the complaint, the court finds that plaintiff's complaint fails to demonstrate that the United States has waived its sovereign immunity.  The United States is immune from suit, unless it consents to be sued.  *See Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 199) (quoting *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).)  Any such waiver of sovereign immunity must be unequivocal.  *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).  Plaintiff's complaint fails to state whether the United States has made an unequivocal waiver of its sovereign immunity.

1 | Further, plaintiff cannot proceed with this class action as a pro se litigant. Pro se litigants
2 | have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. However, pro
3 | se litigants do not have authority to represent anyone other than themselves. *See Simon v.*
4 | *Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (stating that a non-attorney plaintiff may
5 | not pursue a claim on behalf of others in a representative capacity). Given that Plaintiff is a pro
6 | se litigant and does not have the authority to represent the other plaintiffs, this case cannot
7 | proceed as a class action.

Lastly, this case cannot proceed as to plaintiff as an individual, because plaintiff does not specify which factual allegations pertain to her as an individual and which allegations pertain to the other plaintiffs. Thus, even liberally construing plaintiff's complaint, the court is unable to determine which allegations apply only to plaintiff. The court therefore will dismiss the complaint without prejudice for plaintiff to file a new action solely on her own behalf or to secure an attorney to represent the class.

If plaintiff chooses to file a second amended complaint on her own behalf, plaintiff is advised that all defendants must be identified in the caption of the pleading and that she must specify which claims she is alleging against which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, plaintiff must give defendants fair notice of each of the claims plaintiff is alleging against each defendant. Specifically, plaintiff must allege facts showing how each named defendant is involved and the approximate dates of their involvement.

Plaintiff is further advised that in drafting her second amended complaint, all that is required is that she state, in short and plain terms, a claim showing an entitlement to relief. *See* Fed. R. Civ. P. 8(a). Although plaintiff must give defendants fair notice of the claims alleged against them, intricately detailed and lengthy factual allegations are not necessary. Plaintiff is further advised that the Federal Rules of Civil Procedure rely on discovery and summary judgment, rather than the pleadings, to flesh out the disputed facts of the case. *See* Fed. R. Civ. P. 26-37, 56. Thus, if the amended complaint survives the screening process, plaintiff will have an opportunity to gather evidence in support of her claims during discovery and to present that evidence at summary judgment and/or at trial.

1  Finally, plaintiff is advised that if she files an amended complaint, the original complaint (ECF No. 1-3) no longer serves any function in this case. As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the clerk of court must detach and file plaintiff's complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff's complaint be dismissed without prejudice for plaintiff to file an amended complaint solely on her behalf or to obtain an attorney to represent the class. Plaintiff's deadline for filing the amended complaint is May 2, 2019. Failure to file an amended complaint by that deadline will result in a recommendation that plaintiff's case be dismissed.

DATED: April 2, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE